MEMORANDUM **
Rajesh Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders denying his request for humanitarian asylum, and dismissing his appeal from an immigration judge’s decision denying his application for withholding of removal and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA’s denial of humanitarian asylum, Belayneh v. INS, 213 F.3d 488, 491 (9th Cir.2000), for substantial evidence the BIA’s factual findings, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006), and de novo questions of law, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review.
The BIA did not abuse its discretion in denying humanitarian asylum because Kumar failed to show he suffered sufficiently severe past persecution. See Marcu v. INS, 147 F.3d 1078, 1082-83 (9th Cir.1998) (BIA did not abuse its discretion in denying humanitarian asylum where its opinion “demonstrates that it heard the claim, considered the evidence, and decided against [the petitioner].”) (alteration added).
We reject Kumar’s claim that the BIA violated his due process rights by acting arbitrarily and contrary to law in denying humanitarian asylum. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process viola *608 tion). We further reject Kumar’s conclu-sory equal protection contention.
Substantial evidence supports the BIA’s determination that, even assuming past persecution, changed circumstances in India rebut Kumar’s presumed eligibility for withholding of removal. See Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 1000-01 (9th Cir.2003) (where agency rationally construes country report and makes an individualized analysis of petitioner’s situation, substantial evidence will support the agency’s determination).
Substantial evidence also supports the BIA’s determination that Kumar is not entitled to CAT protection because he failed to demonstrate that it is more likely than not that he will be tortured if returned to India. See Hasan v. Ashcroft, 380 F.3d 1114, 1122-23 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.